FILED
U.S DISTRICT COURT

2006 MAR 29 A 9: 05

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KAY J. ECKARDT, HAPAG INVESTMENT CO., HEIDI E. GARDNER, AS TRUSTEE ON BEHALF OF HEIDI E. GARDNER TRUST, and ECKARDT AND THORUP INVESTMENT CO., <br><br> Plaintiffs, Intervenors and Counterclaim Defendants, <br><br> vs. <br><br> GOLD CROSS SERVICES, INC, R. GENE MOFFITT, MIKE MOFFITT, JARED D. MILES and DEFENDANTS JOHN DOES 1 - 10,. <br><br> Defendants and Counterclaimants, | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS <br><br><br> Case No. 2:03-CV-302-TS |

## I. INTRODUCTION

Kay J. Eckardt, Hapag Investment Co., Heidi E. Gardner, as Trustee on Behalf of Heidi E. Gardner Trust, and Thorup Investment Co. ("Eckardt") filed suit in the United States District Court of the District of Utah against Defendants and Counterclaimants Gold Cross Services, Inc., R. Gene Moffitt, Mike Moffitt, and Jared D. Miles, ("Gold Cross"), claiming relief under the Resource Conservation and Recovery Act ("RCRA") for environmental damage sustained by

1

Eckardt's real property as a result of Gold Cross' actions. To its federal cause of action, Eckardt joined claims for trespass and injury to real property, nuisance, negligence, and misrepresentation. Gold Cross filed a Motion to Dismiss, arguing that the Court lacks subject matter jurisdiction over the present cause of action because Eckardt's federal claim under RCRA has been superceded by state law. After having carefully reviewed the memoranda submitted by both parties with respect to the Motion to Dismiss, the Court has determined that oral argument is unnecessary. The Court finds that Eckardt possesses a federal claim under RCRA and will deny Gold Cross' Motion to Dismiss.

## II. UNDISPUTED FACTS

For many years, Gold Cross leased real property in Salt Lake City, Utah (the "Gardner Property") in connection with its ambulance service. During the term of its lease, Gold Cross contracted to have two underground storage tanks ("USTs") installed beneath the surface of the property for fuel storage purposes. In 1996, Gold Cross removed the USTs from the property and consequently discovered that gasoline had leaked from one of the tanks. Gold Cross reported the leak to the Division of Environmental Response and Remediation, which investigated the extent of the damage caused by the leak. In 2002, analysis of the real property adjacent to the Gardner Property, which belonged to Eckardt, showed the presence of petroleum constituents in the soil and groundwater.

Eckardt filed the instant cause of action under RCRA for the contamination of Eckardt's property resulting from Gold Cross' USTs, seeking remediation efforts for its property as well as litigation costs. Gold Cross filed a Motion to Dismiss, alleging that there was no basis for

federal court jurisdiction of Eckardt's RCRA claim.

### III. DISCUSSION AND CONCLUSIONS

Gold Cross argues that Eckardt's claim under RCRA must fail because it has been superceded by state law. On October 10, 1984, the Environmental Protection Agency ("EPA") granted the State of Utah final authorization to administer a state hazardous waste program "in lieu of the federal program."[1] Gold Cross relies on *Chemical Weapons Working Group, Inc. v. United State Dep't of the Army*, which held that RCRA "has been superceded by the state regulatory scheme" that the EPA authorized to operate in lieu of the federal program.[2]

However, Gold Cross fails to make a subtle, yet significant, distinction between the cause of action that was before the court in *Chemical Weapons Working Group, Inc.* and the cause of action that is presently before the Court. Before exploring the distinction between the claims brought in *Chemical Weapons Working Group, Inc.* and those of the present case, it is necessary to establish certain basic principles relating to RCRA.

Congress' purpose in enacting RCRA was to protect the environment and human health from the dangers associated with solid and hazardous wastes.[3] RCRA requires the EPA "to promulgate rules and regulations to carry out the purposes of the Act and provides detailed

---

[1] Memorandum in Support of Defendant's Motion to Dismiss, at 6 (quoting 49 Fed. Reg. 39683-01 (Oct. 10, 1984)).

[2] 990 F. Supp. 1316, 1320 (D. Utah 1997).

[3] 42 U.S.C. § 6901(b).

3

regulations for the EPA's guidance."[4] RCRA allows the EPA to authorize an individual state to administer its own hazardous waste programs "in lieu of the Federal program' administered under RCRA, provided that the state program is equivalent to the federal program.[5] Among RCRA's tools for meeting its objectives are citizen suits. RCRA authorizes two types of private citizen suits. First, 42 U.S.C. § 6972(a)(1)(A) ("Subsection A"), allows suits against any person who is "in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to this chapter." Second, 42 U.S.C. § 6972(a)(1)(B) ("Subsection B") permits an action for "past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment."

The distinction that Gold Cross has overlooked between *Chemical Weapons Working Group, Inc.* and the present case is that the former treated a citizen suit action brought under Subsection A,[6] whereas the latter treats claims brought pursuant to Subsection A, as well as Subsection B.[7] The plaintiff in *Chemical Weapons Working Group, Inc.* did not bring a claim under Subsection B. The courts that have treated the distinction between Subsections A and B generally agree that a citizen suit based on Subsection B is not superseded by a state program.

---

[4] *Evco Associates, Inc. v. C.J. Saporito Plating Co.*, 1995 U.S. Dist. LEXIS 13964, *2 (D. Ill. 1995).

[5] 42 U.S.C. § 6926(b).

[6] *See Craig Lyle Limited Partnership v. Land O'Lakes, Inc.*, 877 F. Supp. 476, 483–484 (D.Minn. 1995).

[7] First Amended Complaint, Docket No. 4, at 4.

4

District courts in Minnesota,[8] Illinois,[9] Louisiana,[10] and Maryland[11] have followed this approach.

In fact, one of the two opinions cited by *Chemical Weapons Working Group, Inc.* was *Dague v. City of Bulington*, which held that citizen suits cannot be brought pursuant to Subsection A or Subsection B in EPA-authorized states.[12] On appeal, the Second Circuit Court of Appeals upheld the portion of the district court's holding with respect to Subsection A, but it did not agree with the court's holding with respect to Subsection B.[13] The Second Circuit held that Subsection B claims are not superceded by a state's adoption of a hazardous waste program because such claims do not depend upon specific violations of subchapter III of RCRA.[14] It held that Subsection B "is more general, and allows a direct cause of action against those whose activities 'may present an imminent and substantial endangerment to health or the environment.'"[15] Therefore, Eckardt may pursue a citizen suit action under Subsection B. As a

---

[8]*Craig Lyle Limited Partnership*, 877 F. Supp. at 483–484 ("Every court that has addressed the effect of state-run hazardous waste programs on imminent hazard suits under subsection (a)(1)(B) has concluded that such suits are 'not superseded by [the] state program.'").

[9]*Evco Associates, Inc.*, 1995 U.S. Dist. LEXIS at *8–10.

[10]*Stewart-Sterling One, LLC v. Tricon Global Restaurants, Inc.*, 2002 U.S. Dist. LEXIS 15746, *12 (E.D. La. 2002).

[11]*Blumenthal Power Company v. Browning-Ferris*, 1995 U.S. Dist. LEXIS 6469, at *9 (D. Md. 1995).

[12]*Dague v. City of Burlington*, 732 F. Supp. 458, 465 (D. Vt. 1989).

[13]*Dague v. City of Burlington*, 935 F.2d 1343, 1352–53 (2d Cir. 1991).

[14]*Id.*

[15]*Id.*

result, Eckardt does have a federal claim, which allows the Court to assert subject matter jurisdiction over the present action.

It is therefore

ORDERED that Gold Cross' Motion to Dismiss (Docket No. 55) is DENIED.

DATED this 28th day of March, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge