IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KAY J. ECKARDT, et al.,<br><br>Plaintiffs, Intervenors and<br>Counterclaim Defendants,<br><br><br><br>vs.<br><br>GOLD CROSS SERVICES, INC., et al.,<br><br>Defendants and Counterclaimants. | MEMORANDUM DECISION AND ORDER DENYING JOINT MOTION AND STIPULATION TO RESCHEDULE TRIAL DATE AND TO ENTER AGREED SCHEDULING ORDER<br><br><br><br>Case No. 2:03-CV-302 TS |

This matter is before the Court on the parties' Joint Motion and Stipulation to Reschedule

Trial Date and to Enter Agreed Scheduling Order.  For the reasons discussed below, the Court

will deny the Joint Motion and will not reschedule the trial date.

This case was originally filed on March 28, 2003.[1]  Plaintiffs filed an Amended

Complaint on June 23, 2003,[2] and a Second Amended Complaint was filed on December 15,

---

[1]Docket No. 1.

[2]Docket No. 4.

2003.[3]  Defendants filed a Motion to Dismiss the Second Amended Complaint,[4] which the Court

denied on May 4, 2004, after hearing argument on the Motion.[5]

On August 3, 2004, a Scheduling Order[6] was established which set a four-day jury trial

for September 26, 2005.  An Amended Scheduling Order[7] was established on January 31, 2005,

which set a four-day jury trial for March 28, 2006.  The parties sought to amend the Scheduling

Order once again on May 4, 2005.[8]  Chief Magistrate Judge Alba held a hearing on that Motion

on June 23, 2005.[9]  At that hearing, counsel requested that the case be stayed pending a possible

resolution.  Chief Magistrate Judge Alba struck the current trial schedule and stayed this matter

on July 14, 2005.[10]

This Court set a status conference in this case for November 15, 2005.[11]  At the status

conference, the Court was informed that the parties were unable to reach a settlement agreement

and that the case would need to proceed to trial.  The Court lifted the stay and established a new

trial date of July 10, 2006.  This trial date was established in consultation with counsel and was

---

[3]Docket No. 14.

[4]Docket No. 15.

[5]Docket No. 20.  A written Order followed on May 12, 2004.  *See* Docket No. 21.

[6]Docket No. 29.

[7]Docket No. 37.

[8]Docket No. 40.

[9]Docket No. 49.

[10]Docket No. 51.

[11]Docket No. 53.

agreed to by everyone at the hearing.  Soon after the November 15, 2005 hearing, Defendants filed a Motion to Dismiss.[12]  This Motion was denied by the Court on March 29, 2006.[13]

The parties now seek to reschedule the trial and seek a new Scheduling Order.[14]  In the parties' Proposed Scheduling Order, the parties seek extend numerous deadlines and state that they will be prepared to proceed to trial by June 15, 2007—over four years after this matter was initially filed.  In the Motion, the parties represent that "[o]n November 15, 2005, the court set the current July 12, 2006 trial date without any new pretrial schedule, and without sufficient time to complete discovery or for disclosure and discovery of experts by both parties."  The parties represent that while Defendants' Motion to Dismiss was pending, they did not engage in any discovery.  Further, the Motion states that when the Court denied Defendants' Motion to Dismiss, both parties met and agreed that they would need substantial time for discovery before either party would be adequately prepared for trial.

The Court finds the parties' Proposed Scheduling Order to be surprising and their Motion less than forthright.  While the Motion correctly states that the Court set the new trial date at the November 15, 2005 hearing, the parties' Motion implies that the Court unilaterally set the trial date without consulting the parties.  This is not the case.  Counsel for the parties attended the November 15, 2005 hearing, and set the trial date in conjunction with the Court after agreeing to that date.

---

[12]Docket No. 55.

[13]Docket No. 62.

[14]Docket No. 63.

Moreover, none of the arguments made in support of their Motion were raised at the November 15, 2005 hearing.  Rather, as the Court has emphasized, counsel for the parties agreed to the new trial date and raised no objections to it.  If the parties were concerned about whether they would be able to conduct sufficient discovery by the new trial date they should have, and could have, raised those issues at the hearing.  Instead of doing so, they agreed to a trial date of July 10, 2006.

The fact that, for whatever reason, the parties have failed to conduct discovery in this matter, despite the ample opportunity to do so and despite the fact that this case is now over three years old, was the decision of the parties and their counsel, not the Court.  The responsibility of being prepared to go to trial on the July 10, 2006, date rests solely on the shoulders of the parties and their counsel.  The Court, therefore, will deny the parties' Motion.  The Court will not reschedule the trial date and will not establish a new Scheduling Order.  The parties are directed to do what is necessary to be prepared to proceed to trial on July 10, 2006.

It is therefore

ORDERED that the Joint Motion and Stipulation to Reschedule Trial Date and to Enter Agreed Scheduling Order (Docket No. 63) is DENIED.

DATED   May 1, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge