IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KAY J. ECKARDT, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>GOLD CROSS SERVICES, INC., et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON PLAINTIFFS' OBJECTION TO THE MAGISTRATE'S ORDER GRANTING DEFENDANTS LEAVE TO AMEND ANSWERS<br><br>Case No. 2:03-CV-302 TS |

    Plaintiffs object to the Magistrate Judge's October 17, 2006 Order Granting Defendants' Motion for Leave to Amend Answers. The Order granted Defendants leave to amend their Answers to add a statutory notice defense and other statute of limitations claims. The statutory notice defense is also raised in Defendants' Motion for Summary Judgment.

    Plaintiffs object to the Order on the grounds that it is futile to bring the notice defense, all defenses were waived, and amendment at this time is unduly prejudicial. Defendants contend that the Magistrate Judge's Order is not erroneous because their

1

amendments are timely under the parties' stipulated scheduling order, were supported by a factual basis, and the Magistrate Judge minimized the possible prejudice by requiring the parties to meet and agree upon a new scheduling order.

For non-dispositive pretrial matters, this Court reviews the Magistrate Judge's orders under a "clearly erroneous or contrary to law" standard of review.[1]  Under the clearly erroneous standard, this Court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[2]  Courts recognize that wide discretion is given a magistrate judge in pretrial matters.[3]

The Court finds no error in the Magistrate Judge's ruling.  The Motion for Leave to Amend was timely under the parties' scheduling order.  For the reasons stated in its simultaneous Memorandum Decision and Order Granting Defendant's Motion for Summary Judgment and Dismissing case, the Court finds that the defenses sought to be added were not futile. Finally, while there was some prejudice to Plaintiffs by raising defenses at this stage, the prejudice was minimized by the Magistrate Judge's ordering the parties to meet and agree to a new scheduling order accommodating issues raised by the amended Answers.  In sum, the Court finds and concludes that the Magistrate Judge's Order was neither clearly erroneous nor contrary to law.  It is therefore

---

[1] 28 U.S.C. § 636(b)(1)(A).

[2] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[3] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999).

ORDERED that Plaintiffs' Objection to the Magistrate Judge's October 17, 2006 Order Granting Defendants' Motion for Leave to Amend Answers is OVERRULED and said Order is affirmed in all respects.

DATED January 18, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge