IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KAY J. ECKARDT, HAPAG INVESTMENT CO., HEIDI E. GARDNER, as Trustee on behalf of HEIDI E. GARDNER TRUST and ECKARDT AND THORUP INVESTMENT CO., <br><br>  Plaintiffs, <br><br> vs. <br><br> GOLD CROSS SERVICES, INC., R. GENE MOFFITT, MIKE MOFFITT, and JARED D. MILES, <br><br>  Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE <br><br><br> Case No. 2:03-CV-302 TS |

## I. INTRODUCTION

The RCRA[1] authorizes two types of private citizen suits, Subsection A suits[2] and Subsection B suits.[3] The failure to comply with the notice and delay requirements for filing such actions[4] means that the Court "must dismiss the action as barred by the terms of the statute."[5]

In the present case, although one of the Plaintiffs complied with the delay and notice requirements for one of their two RCRA claims, none of the Plaintiffs complied with the notice and 90-day delay requirement for their RCRA Subsection B claim, which is the basis of federal jurisdiction. Defendants contend this failure means there is no federal jurisdiction. Plaintiffs contend that notice was sufficient and that Defendants waived any right to raise notice at this late stage of the case.

The Court finds that Plaintiffs did not comply with the mandatory notice and delay requirement for filing a Subsection B claim and dismisses this case without prejudice.

---

[1] The Resource Conservation and Recovery Act of 1976.

[2] Mem. Decision and Order Denying Motion to Dismiss, Docket No. 62, at 4 (explaining that "42 U.S.C. § 6972(a)(1)(A) (Subsection A) allows suits against any person who is 'in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to this chapter.'").

[3] *Id.* (explaining that "42 U.S.C. § 6972(a)(1)(B) (Subsection B) permits an action for 'past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment.'").

[4] 42 U.S.C. § 6972(b)(1) and (b)(2)(A).

[5] *Hallstrom v. Tillamook County*, 493 U.S. 20, 32-33 (1989) (in Subsection A action, holding that plaintiffs' failure to meet the notice and 60-day delay condition precedent required that action be dismissed).

## II.  UNDISPUTED FACTS

Plaintiffs concede the following facts are undisputed for the purposes of this Motion. Defendant Gold Cross formerly leased property (the leased property) located in Salt Lake City, Utah.  The leased property is owned by Intervening Plaintiff Heidi Gardner as trustee on behalf of the Heide E. Gardner Trust and Thorup Investment Co. (collectively the Intervening Plaintiff).  Plaintiff Kay Eckardt and his company Hapag Investment Co. (jointly Eckardt) own the property adjacent to, and immediately east of, the leased property (the adjacent property).

In the 1990s, Defendant Gold Cross removed underground fuel storage tanks from the leased property and discovered that one tank had leaked fuel into the ground.  In 2002, analysis of the ground at the adjacent property showed petroleum constituents in the soil and groundwater.

On August 13, 2002, Eckardt sent Gold Cross a notice (the Notice) of his intent to bring a citizen suit pursuant to the RCRA, referencing Subsection A of the RCRA. That notice stated: "Eckardt hereby gives notice to [Gold Cross] pursuant to Section 7002(a)(1)(A) of the Resource Conservation and Recovery Act ('RCRA') 42 U.S.C. section 6972(a)(1)(A)), that it is in violation of permits, standards, regulations, conditions, requirements, prohibitions or orders which have become effective pursuant to the RCRA."[6] The Notice continued:  "Eckardt further gives notice that he may commence a civil action on his behalf against Gold Cross pursuant to RCRA section 7002(a)(1)(A) (42 U.S.C.

---

[6]Def.s' Ex. D.

section 6972(a)(1)(A) because of said violations."[7] The Notice alleges that the violations include, but are not limited to, the failure to timely investigate the full extent of the contamination and the failure to remediate the contamination.

On March 28, 2003, Eckardt filed this action for injunctive relief under Subsection A of the RCRA and applicable state law. Eckardt also brings state law claims for trespass and injury to real property, nuisance, negligence, and misrepresentation.

On April 2, 2003, Eckardt sent Notices to three individuals (the Individual Defendants), which were substantially similar to the Notice previously sent to Gold Cross. On June 23, 2003, Eckardt filed the Amended Complaint adding the Individual Defendants, but otherwise stating the same claims.

### III.  PROCEDURAL BACKGROUND

The following procedural facts appear in the record:  On July 17, 2003, Defendants moved to dismiss the Amended Complaint for lack of jurisdiction (First Motion to Dismiss). On December 2, 2003, the Court denied the First Motion to Dismiss as moot and granted Plaintiff's Motion for Leave to Amend the Complaint.

On December 15, 2003, Eckardt filed a First Amended Complaint[8] that included the claims previously asserted and, for the first time, added a claim under Subsection B of the RCRA.

---

[7]*Id.*

[8]Although it is styled as a First Amended Complaint, it is actually the second amended complaint, as it followed the amended complaint filed on June 6, 2003.

On January 6, 2004, Defendants moved to dismiss the First Amended Complaint for failure to state a federal claim for several reasons (Second Motion to Dismiss). The Second Motion to Dismiss did not raise any issue of an alleged deficiency in the notice and delay requirements for Subsection B. On May 12, 2004, the Court denied the Second Motion to Dismiss.

On October 19, 2004, Defendants stipulated to the granting of the Intervening Plaintiff's Motion to Intervene. Defendants' Stipulation[9] did not mention the notice and delay requirements for filing a claim under either Subsection A or Subsection B. The Motion to Intervene was granted on October 21, 2004.

On June 23, 2005, the parties requested a stay of this action pending their attempted resolution. The pending trial date was suspended and discovery was stayed.[10] Resolution did not occur, so on November 15, 2005, the stay as lifted and a new scheduling order entered.[11]

On November 18, 2005, Defendants filed another Motion to Dismiss for lack of jurisdiction (Third Motion to Dismiss). The Second Motion to Dismiss did not raise any issue of an alleged deficiency in the notice and delay requirements for Subsection B. Defendants challenged federal jurisdiction on the grounds that the RCRA was superceded by state law.[12] On March 29, 2006, the Court denied the Third Motion to Dismiss on the

---

[9]Docket No. 30.

[10]Docket Nos. 49, 50, and 51.

[11]Docket Nos. 53 and 54.

[12]Docket No. 56.

basis of its determination that state law superceded only the Subsection A claim, not the Subsection B claim.[13]

On October 4, 2006, Defendants filed the present Motion for Summary Judgment, contending that there is no federal question subject matter jurisdiction because Plaintiffs failed to comply with the notice and delay requirements before filing their Subsection B claim.

## IV.  DISCUSSION

"Summary judgment is proper only if there is no genuine issue of material fact for determination, and the moving party is entitled to judgment as a matter of law."[14]  The Court reviews "the entire record on summary judgment . . . in the light most favorable to the party opposing summary judgment."[15]  "As to materiality, the substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."[16]

Having reviewed the record under this standard, the Court finds that there are no material issues of fact.  The Court finds that the one factual issue is, for the reasons stated below, not a *material* issue.   The remaining issues in contention are legal issues, namely

---

[13] Docket No. 62, at 4-5.

[14] *Durham v. Herbert Olbrich GMBH & Co.*, 404 F.3d 1249, 1250 (10th Cir. 2005) (quoting *Riley v. Brown & Root, Inc.,* 896 F.2d 474, 476 (10th Cir. 1990)).

[15] *Id.*

[16] *Bartell v. Aurora Public Schools,* 263 F.3d 1143, 1146 (10th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

6

the sufficiency of the notice and whether the notice and delay condition precedent for filing suit may be waived.

Defendants move for summary judgment on the ground that there is no federal jurisdiction based on the Subsection B claim because Plaintiffs failed to comply with the mandatory 90-day notice and delay requirement for filing the Subsection B claim. Defendants also contend that the Intervening Plaintiff failed to comply with either the mandatory 90-day notice and delay requirement for filing its Subsection B claim or the mandatory 60-day notice and delay requirement for filing its Subsection A claim. Defendants contend that claims not in compliance with the RCRA's notice and delay requirements must be dismissed under the Supreme Court's *Hallstrom*[17] case. Defendants further contend that once the Subsection B claim is dismissed as required by the *Hallstrom* case, the Court should decline to exercise supplemental jurisdiction over the Eckardt's Subsection A claim and other state law claims.

Plaintiffs contend that (1) the Eckardt Notices complied with the RCRA notice and delay requirements; (2) the Eckardt Notices satisfied the purposes of the notice statute for all Plaintiffs; (3) Defendants waived any right to challenge the Notices; and (4) even if the federal claim is dismissed for the failure to comply with the notice requirements, the Court should retain supplemental jurisdiction over the remaining claims.

---

[17] 493 U.S. at 32-33.

The Court has reviewed the Notices at issue to determine compliance with the statute. The "starting point for interpreting a statute is the language of the statute itself."[18] The RCRA provides:

> (a) . . . Except as provided in subsection (b) . . . of this section, any person may commence a civil action on his own behalf–
>
> > (1)(A) against any person (including . . . who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to this chapter; or
> >
> > (B) against any person, . . . including any past or present generator,. . .owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment;
>
> * * *
>
> (b) Actions prohibited
>
> > (1) No action may be commenced under subsection (a)(1)(A) of this section--(A) prior to 60 days after the plaintiff has given notice of the violation to--(i) the Administrator;(ii) the State in which the alleged violation occurs; and (iii) to any alleged violator of such permit, standard, regulation, condition, requirement, prohibition, or order,
>
> * * *
>
> > (2)(A) No action may be commenced under subsection (a)(1)(B) of this section prior to ninety days after the plaintiff has given notice of the endangerment to--(i) the Administrator; (ii) the State in which the alleged endangerment may occur;(iii)

---

[18] *Id.*, at 25 (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980)).

>    any person alleged to have contributed or to be contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste referred to in subsection (a)(1)(B) of this section.[19]

The Supreme Court determined in *Hallstrom* that the notice and delay provisions are a mandatory condition precedent to suit under Subsection A.[20] The Court finds that subsection (b)(2)(A) sets forth a separate and specific notice and delay as a condition precedent for the filing of an action under Subsection B.

Plaintiffs argue their Notices strictly complied with the RCRA's notice and delay requirement because they complied with federal regulation 40 C.F.R. § 254.3, which they contend defines the notice requirements for Subsection B suits.[21]

Defendants point out the regulation was adopted several years prior to the addition of Subsection B's provisions to the RCRA and therefore contend that the regulation does not apply.[22]

The Court need not determine if the regulation applies because the Notices do not comply with the condition precedent set forth in the statute itself. Thus, the problem is not, as Plaintiffs contend, merely that the Notices did not "specifically identify that the action was to include a claim under" Subsection B,[23] it is that they did not give "notice of the

---

[19] 42 U.S.C. § 6972.

[20] 493 U.S. at 26.

[21] Def.s' Mem. at 8-10.

[22] Reply Mem. at 5-6.

[23] Def.s' Mem. at 8.

endangerment to" Defendants as required in the statute.  Although Plaintiffs contend that their Notices did provide "notice of the endangerment," the Court has carefully reviewed the Notices and finds that they do not give notice of an alleged endangerment.  For this reason, the Court finds inapposite the cases cited by Plaintiffs because those cases address issues of sufficiency of notice for a claim under Subsection A or its analogous provision in the Clean Water Act.[24]

Plaintiffs also contend that notice of a Subsection A violation is sufficient to comply with the Subsection B notice and delay requirement on the grounds that "one cannot violate [Subsection] A without first having violated [Subsection] B because the more specific [Subsection] A includes the more general [Subsection] B."[25]

The Court finds no support for this argument in the plain language of the statute. Congress specified notice of an "endangerment" as the necessary element of the notice required as a condition precedent to filing a Subsection B suit.  The clear and specific language of this provision does not support any other interpretation.  It is not an onerous requirement, but it is a mandatory condition precedent to filing suit.

---

[24] *E.g. Sierra Club v. Tri-State Generation & Transmission Assoc. Inc.*, 173 F.R.D. 275, 283 (D. Colo. 1997) (holding that 40 C.F.R. § 54.3(b) does not require a plaintiff to cite the specific standard, limitation, or order it alleges a defendant violated and instead "defines sufficient notice as enough information to *enable* the recipients to identify the specific standard, limitation, or order at issue and the dates on which the alleged violations occurred") (italics in original); *Public Interest Res. Group of New Jersey v. Hercules, Inc.*, 50 F.3d 1239, 1246 (3rd Cir. 1995) (same applying *Hallstrom* standard to analogous provision of Clean Water Act).

[25] Opp. Mem. at 9-10.

Plaintiffs also contend that the purposes of the notice requirement were met for the Intervening Plaintiff. They assert that Defendants needed no additional notice to be aware of the potential claims and that the purpose for the notice—a nonadversarial time to achieve compliance—was moot by the time the Intervening Plaintiff joined the action.

A similar argument was rejected in *Hallstrom*, where the petitioners argued that the purposes of the statute were met by a post-filing notice and stay. The *Hallstrom* Court held that permitting such a "functional equivalent of a precommencement delay" would "flatly contradict" the language of the notice provisions.[26] For the same reason, this Court rejects Plaintiffs' argument that actual notice and delay may be excused if the Court finds that the purposes of the notice and delay requirement are otherwise met.

Plaintiffs argue that Defendants waived any claim of lack of notice by their delay in raising the issue. Defendants' delay in raising the issue is puzzling. Even considering the time during which discovery in this case was stayed at the request of the parties, there was still substantial delay in raising the issue. However, even such substantial delay does not appear to waive the requirement because in *Hallstrom* there was a delay of approximately one year before the defendant therein finally raised the issue by a summary judgment motion.[27]

The Court does not find any authority that the mandatory notice can be waived by a parties' delay in raising the issue. In this case, as in *Hallstrom,* the delay has resulted

---

[26] *Hallstrom*, 493 U.S. at 26.

[27] *Id*., at 24.

11

in a substantial waste of the parties' time as well as judicial resources. Nonetheless, as in *Hallstrom*, the RCRA Subsection B claims must be dismissed for failure to comply with the requirement. For this Court to allow the case to continue in the face of such controlling case law would likely only increase the delay and expense to Plaintiffs. For example, in *Hallstrom*, the Supreme Court ordered that the district court "must dismiss the action as barred" for failure to comply with the notice and delay requirement despite four "years of litigation and a determination on the merits."[28]

Intervening Plaintiff attempts to distinguish the controlling case law, *New Mexico Citizens for Clean Air & Water v. Espanola Mercantile Co., Inc.*, which holds that "each plaintiff must comply with" the mandatory notice provisions "to be a proper party to a citizen suit."[29] Intervening Plaintiff contends that the *New Mexico Citizens* case is distinguishable because of Defendants' delay, their stipulation to the intervention, and because they had actual notice of the alleged contamination from the other Plaintiff. The Court has previously addressed the actual notice and waiver by delay arguments and finds them unpersuasive as to the Intervening Plaintiff.

The Court further finds unpersuasive the Intervening Plaintiff's argument that Defendants stipulated to waive the mandatory notice and delay period when they stipulated to intervention. The Court notes that Defendants and Intervening Plaintiff dispute whether their attorneys had an oral understanding that the notice requirement be waived at the time

---

[28] *Id.* at 32.

[29] 72 F.3d 830, 833-34 (10th Cir. 1996) (construing similar requirement in Clean Water Act).

12

of Defendants' Stipulation to intervention.[30] However, this dispute is not a *material* issue of fact because there is no allegation that the governmental agencies entitled to the notice—the EPA Administrator and the State of Utah—were parties to, or even aware of, any purported agreement to waive the notice and delay requirements.

As the Court held in *Hallstrom*, "[r]equiring citizens to comply with the notice and delay requirements serves [the] congressional goal" of striking "a balance between encouraging citizen enforcement and avoiding burdening the federal courts with excessive numbers of citizen suits."[31] One of the two ways in which it serves this congressional goal is because "notice allows Government agencies to take responsibility for enforcing environmental regulations, thus obviating the need for citizen suits."[32] As the Court observed in *Hallstrom*, this purpose would be seriously undermined if the citizen contemplating suit could agree with the alleged violator to waive the rights of governmental agencies to notice and delay.[33]

Because the Congressional purpose served by the statutory notice and delay would be undermined by allowing the parties to privately agree to circumvent the required notice

---

[30]*E.g.* Docket No. 122, Ex. D, Haupt Decl., at ¶ 3 ("I proceeded with the motion for leave to intervene, understanding from that discussion that the defendants were waiving any right to separate notice and the filing of a separate lawsuit by intervenors.") and Docket No. 130, Ex. 3, Ickes Decl. at 4 ("At no time did I agree to waive any of the Defendants rights to receive notice under the [RCRA], or any other rights.").

[31]493 U.S. at 29 (citations omitted).

[32]*Id.*

[33]*Id.* "This policy would be frustrated if citizens could immediately bring suit without involving federal or state enforcement agencies."

13

to the governmental agencies, the Court will not create an exception for such agreements. Therefore, the parties' dispute over the existence of such a private agreement is not material to this case as it does not affect the outcome under governing law.

Accordingly, the Court finds that Intervening Plaintiff was required to give the mandatory 60-day notice before filing its Subsection A claim and the mandatory 90-day notice before filing its Subsection B claim. Because Intervening Plaintiff failed to do so, under *Hallstrom,* its Subsection A and Subsection B claims must also be dismissed.

In sum, as a matter of law under the controlling authority of *Hallstrom,* the failure to comply with the RCRA's notice and delay requirements mandates dismissal of Eckardt's Subsection B claim and Intervening Plaintiff's Subsections A and B claims without prejudice. Therefore, Defendants have shown that they are entitled to summary judgment that those claims must be dismissed.

Plaintiffs request this Court to retain supplemental jurisdiction over the state law claims, including the Subsection A claim for which Plaintiff Kay Eckardt gave the required 60-day notice. "A district court may decline to exercise supplemental jurisdiction over a claim when it has dismissed all claims over which it had original jurisdiction."[34] Upon careful consideration, the Court declines to exercise supplemental jurisdiction over the state law claims now that the federal question claim is dismissed. It would be more appropriate for all of the claims regarding this property to be brought together in a single proceeding.

---

[34] *Exum v. U.S. Olympic Committee*, 389 F.3d 1130, 1138-39 (10th Cir. 2004) (citing 28 U.S.C. § 1367(c)(3)) (other citations omitted).

As in *Hallstrom*, the dismissal of the claims without prejudice will not "have the inequitable result of depriving [Plaintiffs] of their right to a day in court" because they "remain free to give notice and file their suit in compliance with the statute."[35] In any subsequent case, the parties will have the benefit of the discovery conducted in this case.

### V.  ORDER

Based upon the foregoing it is

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 107) is GRANTED.  It is further

ORDERED that the First Amended Complaint and the Complaint in Intervention are DISMISSED WITHOUT PREJUDICE.

The clerk of court is directed to close this case.

DATED January 18, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[35] 493 U.S. at 32 (quotation and citation omitted).