IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

---

| | |
|---|---|
| KAY J. ECKARDT and HAPAG INVESTMENT CO., <br><br> Plaintiffs, <br><br><br><br> vs. <br><br><br> GOLD CROSS SERVICES, INC., R. GENE MOFFITT, MIKE MOFFITT, JARED D. MILES, and DOES 1-10, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING AWARD OF COSTS <br><br><br><br><br><br> Case No.  2:03-CV-302 TS |

---

This matter is before the Court for consideration of Defendants' Bill of Costs and Plaintiffs' Objection thereto.   On January 18, 2007, the Court dismissed the federal claims without prejudice and, declining to exercise supplemental jurisdiction, also dismissed the state law claims.[1]   Defendants timely filed a Bill of Costs and argue that they are the "prevailing party" under Fed. R. Civ. P. 54(d)(1).  Plaintiffs object to the Bill of Costs on the grounds the Defendants are not the prevailing party.

---

[1]Docket No. 141, Memorandum Decision and Order Granting Defendants' Motion for Summary Judgment and Dismissing Case.

Because Defendants sought summary judgment dismissing Plaintiffs' claims for lack of federal subject matter jurisdiction, the Court finds that their motion for costs is determined under the provision for an award of costs in connection with dismissals for lack of jurisdiction.  Although the Supreme Court and the Tenth Circuit have left open the "intriguing issue" of whether the mandatory notice and delay requirement is a component of non-waivable subject matter jurisdiction,[2] other courts have determined that it is jurisdictional.[3]

Defendants argued on summary judgment that federal jurisdiction was predicated solely on the Plaintiffs' subsection B claim and that the dismissal of that claim for lack of compliance with the notice requirement deprived the Court of federal jurisdiction.[4] Accordingly, any award of "just costs" must be under 28 U.S.C. § 1919, and not under Fed. R. Civ. P. 54(b) and 28 U.S.C. § 1920.[5]  Section 1919 provides: "Whenever any action or suit is dismissed in any district court, . . .  for want of jurisdiction, such court may order the payment of just costs."

---

[2]*New Mexico Citizens for Clean Air & Water v. Espanola Mercantile Co.*, 72 F.3d 830, 834 n.2 (10th Cir. 1996) (construing similar requirement in Clean Water Act) and *Hallstrom v. Tillamook County*, 493 U.S. 20, 31 (1989) ("In light of our literal interpretation of the statutory requirement, we need not determine whether § 6972(b) is jurisdictional in the strict sense of the term.").

[3]*See New Mexico Citizens*, 72 F.3d at 834 n.2 (declining to reach issue and citing cases finding requirement to be jurisdictional).

[4]*E.g.* Docket No. 80, Def.s' Mem. at 3; Docket No. 130, Def.s' Reply at 6, 10.

[5]*Callicrate v. Farmland Industries, Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998).

2

As the Tenth Circuit noted in *Callicrate v. Farmland Industries*,

We are mindful that there is a fundamental distinction between awarding costs under § 1919 , and under § 1920 and Fed. R. Civ. P. 54(d).  While Rule 54(d)(1) provides that "costs . . . *shall* be allowed as of course to the prevailing party unless the court otherwise directs . . .", § 1919 instead states that the court "*may* order the payment of just costs" when a jurisdictional dismissal occurs.  It has been noted that unlike costs awarded under Rule 54, costs awarded under § 1919 are not subject to a presumption that they shall be awarded to a prevailing party.[6]

In *Callicrate*, discovery revealed a lack of complete diversity.  The trial court dismissed the action without prejudice for lack of jurisdiction and awarded costs.  Plaintiff then brought an action on the dismissed claims in state court against one of the defendants.  On appeal, the Tenth Circuit found the costs to be just and affirmed the award as to one defendant.[7]  But, as to the defendant who was a party to the subsequent state court case, the Tenth Circuit remanded for an award of only those costs directed to obtaining the dismissal for lack of jurisdiction.[8]

Having considered the entire record, this Court finds that an award of costs under § 1919 is not warranted in this case.  Among the factors weighing against an award are that Defendants herein failed to promptly raise the notice issue which resulted in the dismissal of this action.  Instead, Defendants allowed this case to proceed in federal court for three years of discovery and brought three separate rounds of dispositive motions before they finally raised the notice issue in their Motion for Summary Judgment filed on

---

[6]*Id*. at 1340 n.8 (citations partially omitted, emphasis in original).

[7]*Id.* at 1342.

[8]*Id.* at 1342-43.

October 4, 2006.[9]  Yet, because the notices in question were served on Defendants in 2002 and 2003,[10] the legal issue of the sufficiency of the notices could have been raised at the beginning of the case, well before any costs were incurred.   By contrast, in the *Callicrate* case, some of the costs were related to the jurisdictional issue.

Even if the Court were to consider the Bill of Costs under Rule 54, the Court finds that the merits of the claims in this action have not been resolved and it remains to be determined if Defendants will be prevailing parties on any of the claims.  Accordingly, the Court would not find Defendants to be the prevailing parties under Rule 54.   Further, for the reason stated above, where the sufficiency of the notices was an issue of law that Defendants could have raised prior to incurring their claimed costs, the Court would find that the costs were not for materials or services that were reasonably necessary for use in the case.  It is therefore

ORDERED that Plaintiffs' Objections to Defendants' Bill of Costs are sustained and costs are not awarded.

DATED this 23th day of February,  2007.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[9]See Mem. Dec. and Order at 4-5 (explaining procedural background) and 11 (finding Defendants' delay in raising issue to be "substantial" and "puzzling").

[10]*Id*. at 3-4 (undisputed facts).